[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13380
Non-Argument Calendar

_____

Agency Nos. A97-934-612
A97-634-613

CAMILO ALBERTO RODRIGUEZ,
ELVIRA VASQUEZ,
NICKY MABEL SMITH,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 24, 2008)**

Before ANDERSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Camilo Alberto Rodríguez and his wife and daughter petition for review of the denial by the Board of Immigration Appeals (the "BIA") of their motion to reopen their removal orders. We find no error in the BIA's order, and we, therefore, deny the petition.

Petitioners are Colombian citizens who traveled separately to the United States on non-immigrant visitor visas, arriving on three different dates in 1999 and 2000. All three submitted applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") in March 2004. The Immigration Judge denied Petitioners' application for asylum as time-barred, denied the claims for withholding of removal and relief under CAT for failure to carry their burden of proof, and issued a removal order.

Rodríguez hired an attorney to represent him and his family in their appeal to the BIA. The attorney timely filed a notice of appeal, but neglected to file a brief in support of the appeal. The BIA dismissed the appeal on October 19, 2006. Petitioners did not seek appellate review of that dismissal.

Petitioners filed a motion to reopen on April 16, 2007 stating that they were unaware that their attorney had failed to file a brief or that the BIA had denied their appeal and arguing that their due process rights were violated because they received ineffective assistance of counsel. The BIA denied the motion, and Petitioners timely filed this petition for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). We, therefore, are limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (quoting Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985)).

A motion to reopen is appropriate where the motion "state[s] the new facts that will be proven at a hearing to be held if the motion is granted, and [is] supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). The statute dictates that a motion to reopen immigration proceedings "shall be filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i).

This court has stated that this 90-day filing deadline is mandatory and jurisdictional. Abdi, 430 F.3d at 1150. Abdi followed the reasoning given in Anin v. Reno, 188 F.3d 1273, 1278 (11th Cir. 1999), wherein this court found that the 180-day deadline for filing a motion contesting deportation orders issued *in absentia* was mandatory and jurisdictional. Abdi, however, did not dismiss the petition—based on similar grounds to those brought here—for lack of jurisdiction, but instead went on to deny the petition applying an abuse of discretion standard of review.

Assuming we hold jurisdiction over this petition, the BIA did not abuse its discretion by dismissing this motion to reopen. Here, Petitioners did not just barely miss the 90-day deadline, but rather missed the deadline by almost 90 days. We find no abuse of discretion where the BIA denied this clearly untimely motion to reopen.[1]

Petitioners also argue that equitable tolling should extend the deadline for filing because it was the ineffective assistance of counsel that prevented Petitioners from timely filing their motion. Under similar circumstances in Abdi, this court refused to apply equitable tolling where the petitioner "failed to exercise due diligence in preserving his legal rights." 430 F.3d at 1148. Although in both Abdi and here the failure to preserve rights was allegedly the fault of counsel, this court made clear in Abdi that equitable tolling will not be applied to these facts. Id.

For the foregoing reasons, this petition is **DENIED**.

---

[1] Because we find that the motion to reopen was properly dismissed as time-barred, we do not need to review the alternative grounds for dismissal and address the merits of the Petitioners' ineffective assistance of counsel claim.